**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:12-mj-00605-GWF |
| vs. ) | **ORDER** |
| ANTHONY MANUEL SALOME, ) | Motion to Sever (#21); Motion to Reveal Confidential Informant (#24) |
| Defendant. ) | |

These matters come before the Court on two motions. Defendant Anthony Salome ("Defendant") filed a Motion to Sever (#21) on November 7, 2012, to which Plaintiff responded (#22) on November 13, 2012. Defendant also filed a Motion to Reveal Confidential Informant (#24) on November 16, 2012, to which Plaintiff responded (#25) on November 27, 2012.

Defendant moves the Court (#21) to sever his trial from his co-defendant's under Federal Rule of Criminal Procedure 14, which provides relief from joinder if it appears Defendant would be prejudiced. Co-defendants jointly charged are, prima facie, to be jointly tried. *See* Fed. R. Crim. P. 8; *see also United States v. Gay*, 567 F.2d 916, 919 (9th Cir.), *cert. denied*, 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978). The Court may grant severance if the defendant demonstrates that the prejudice of a joint trial manifestly outweighs the dominant concern of judicial economy. *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980). Prejudice occurs "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Defendant first argues a joint trial would prejudice him because it would deny Defendant access to exculpatory testimony of the co-defendant. To obtain severance on this ground,

Defendant must show that (1) he would call the co-defendant at a severed trial, (2) the co-defendant would in fact testify, and (3) the testimony would be favorable to Defendant. *See United States v. Reese*, 2 F.3d 870, 892 (9th Cir. 1993). Although Defendant represents that he may call the co-defendant at a severed trial and the co-defendant may testify, the Court finds Defendant does not make the showing required under *Reese*. Defendant next argues that the jury might find Defendant "guilty by association" in a joint trial. Limiting instructions explaining how and against whom certain evidence may be considered, however, can reduce or eliminate possible prejudice. *See United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004). Finally, Defendant argues severance is required under *Bruton v. United States*, 391 U.S. 123 (1968), claiming co-defendant, who may not be available for cross examination at a joint trial, made statements incriminating Defendant. Plaintiff and Defendant both represent that the co-defendant's statements merely admit the co-defendant's knowledge of the contraband underlying this case. The Court finds such statements do not require severance under *Bruton*.

Defendant also moves the Court (#24) to order the disclosure of confidential informants in this matter. An informant's identity must be revealed whenever it is "relevant and helpful to the defense of the accused." *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006). Plaintiff represents, however, that it "conducted a diligent search" for a confidential informant in this case, and has found none. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Anthony Manuel Salome's Motion to Sever (#21) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reveal Confidential Informant (#24) is **denied.**

DATED this 4th day of December, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge